opinion.
Steknhagen
: This case has been submitted to the Board upon the pleadings alone, from which the admitted facts appear. No argument, either orally or by way of brief, has been presented.
*680 The liability arose originally under the He venue Act of 1921, which, in section 223 (b) provides:
If a husband and wife living together have an aggregate net income for the taxable year of $2,000 or over, or an aggregate gross income for such year of $5,000 or over—
(X) Bach shall make such a return, or
(2) The income of each shall be included in a single joint return, in which case the tax shall be computed on the aggregate income.
Each spouse made a separate return, the wife returning- her separate salary.
The tax was imposed by sections 210 and 211 levying the normal tax and surtax “ upon the net income of every individúa!” Section 216 (c) allowed the following credits:
In the case of a single person, a personal exemption of $1,000; or in the ease of the head of a family or a married person living with husband or wife, a personal exemption of $2,500, unless the net income is in excess of $5,000, in which case the personal exemption shall be $2,000. A husband and wife Jiving together shall receive but one personal exemption. The amount of such personal exemption shall be $2,500, unless the aggregate net income of such husband and wife is in excess of $5,000, in which case the amount of such personal exemption shall be $2,000. If such husband and wife make separate returns, the personal exemption may be taken by either or divided between them. In no case shall the reduction of the personal exemption from $2,500 to $2,000 operate to increase the tax, which would be payable if the exemption were $2,500, by more than the amount of the net income in excess of $5,000.
Regulations 62 contains the following:
Abt. 31. * * * A husband and wife domiciled in Texas, Washington, Arizona, Idaho, New Mexico, Louisiana, and Nevada, in rendering separate income tax returns, may each report as gross income one-half of the income which, under the laws of the respective States becomes simultaneously with its receipt community property. .
The article is silent as to California. Article 301 (b) contains the following:
A husband and wife living together have but one personal exemption, the amount of which depends upon whether their combined net income is in excess of $5,000. If they make separate returns, such exemption may be taken by either or divided between them.
Article 401 is as follows:
Bor each taxable year every single person whose gross income, as defined in section 213 of the statute, is $5,000 or over, or whose net income, as defined in section 212 of the statute and articles 21-26, is $1,000 or over, must make a return of income. The return shall be for his taxable year, whether calendar or fiscal. Whether or not an individual is the head of a family or has dependents is immaterial in determining his liability to render a return. If an individual is a married person living with husband or wife, no return need be made unless their aggregate gross income is at least $5,000 or their aggregate net income is at least $2,000; but a separate return must be made by each of them, regardless of the amount of the individual income of each, where their aggregate gross income is $5,000 or over, or their aggregate net income *681 is $2,000 or over, unless tliey join in a singlo joint return. Where the income of each is included in a single joint return, the tax is computed on the aggregate income and all deductions and credits to which either is entitled shall be taken from such aggregate income. The husband shall include in his return the income derived from services rendered by the wife or from the sale of products of her labor if she does not file a separate return or join with him in a return setting forth her income separately. * * *
The Revenue Act of 1924 left these unaffected under the 1921 Act.
Looking at this statute and the Commissioner’s idea of its effect as expressed in the regulations, it indicates a right to elect between a joint return and separate returns, such election being equally available where the community system prevails as elsewhere. And it has not been suggested that in a State not under the community system a wife’s separate earnings could not be shown in a separate return and separately taxed to her. We see no reason to hold otherwise as to California. It would be strange indeed if a wife who enjoys the supposedly more independent status provided by the community system were taxed upon a theory that her separate salary belonged to her husband, while the wife elsewhere is taxed upon the theory of independent ownership. Is the mere expectancy of the wife in her husband’s income less than or different from his interest in her independent earnings ? The Supreme Court’s opinion in United States v. Robbins, 269 U. S. 315, did not so decide, nor did it pass upon the taxation of the wife’s separate earnings. It dealt only with the power of Congress to tax the husband for the whole of the income from community property and his own earnings, holding that such power existed and that Congress had exercised it in the Revenue Act of 1918.
The husband here was in our opinion not required to file a return of his wife’s separate earnings with his own, but the wife had the right to file a separate return and be taxed thereon.
The determination of deficiency against the husband is therefore invalid.

Judgment for the 'petitioner.

Marquette and Moeeis dissent.