entire income belonged to the husband and increased the income as shown by his return by the amount reported by his wife, and computed the deficiency of $2,518.54.

### OPINION.

LITTLETON: The decision of the question involved in this proceeding is governed by the opinion of the court in *United States* v. *Robbins*, 269 U. S. 315, and the decision of the Board in the *Appeal of D. Cerruti*, 4 B. T. A. 682.

*Judgment for the Commissioner.*

---

## APPEAL OF BYRON L. GRAVES.

Docket No. 6493.        Decided September 15, 1926.

*George M. Thompson, Esq.*, for the petitioner.
*A. Calder Mackay, Esq.*, for the Commissioner.

This is an appeal from the determination of a deficiency of $2,969.62 for the calendar year 1921.

### FINDINGS OF FACT.

During the calendar year 1921, the petitioner was a resident and citizen of California, married and living with his wife. At the time required by law, the petitioner and his wife filed separate returns for the year involved, each reporting one-half of the income of the marital community for said year. The Commissioner held that the entire income belonged to the husband and increased the income as shown by his return by the amount reported by his wife, and computed the deficiency of $2,969.62.

### OPINION.

LITTLETON: The decision of the question involved in this proceeding is governed by the opinion of the court in *United States* v. *Robbins*, 269 U. S. 315, and the decision of the Board in the *Appeal of D. Cerruti*, 4 B. T. A. 682.

*Judgment for the Commissioner.*

---

## APPEAL OF CHARLES D'ANGELO.

Docket No. 6890.        Decided September 15, 1926.

*Charles D'Angelo* pro se.
*A. Calder Mackay, Esq.*, for the Commissioner.

This is an appeal from the determination of a deficiency of $357.77 for the calendar year 1922.