shown by his return by the amount reported by his wife, and computed the deficiency of $1,372.15.

### OPINION.

LITTLETON: The decision of the question involved in this proceeding is governed by the opinion of the court in *United States* v. *Robbins*, 269 U. S. 315, and the decision of the Board in the *Appeal of D. Cerruti*, 4 B. T. A. 682.

*Judgment for the Commissioner.*

---

## APPEAL OF W. R. WILLIAMS.

Docket No. 8173.    Decided September 15, 1926.

*R. A. Cost, C. P. A.*, for the petitioner.
*A. Calder Mackay, Esq.*, for the Commissioner.

This is an appeal from the determination of a deficiency of $644.34 for the calendar year 1922.

### FINDINGS OF FACT.

During the calendar year 1922, the petitioner was a resident and citizen of California, married and living with his wife. At the time required by law, the petitioner and his wife filed separate returns for the year involved, each reporting one-half of the income of the marital community for said year. The Commissioner held that the entire income belonged to the husband and increased the income as shown by his return by the amount reported by his wife, and computed the deficiency of $644.34.

### OPINION.

LITTLETON: The decision of the question involved in this proceeding is governed by the opinion of the court in *United States* v. *Robbins*, 269 U. S. 315, and the decision of the Board in the *Appeal of D. Cerruti*, 4 B. T. A. 682.

*Judgment for the Commissioner.*

---

## APPEAL OF A. KAMP.

Docket No. 7245.    Decided September 15, 1926.

*A. Kamp* pro se.
*A. Calder Mackay, Esq.*, for the Commissioner.

This is an appeal from the determination of deficiencies for the calendar years 1921 and 1922 in the total amount of $25,013.78.

FINDINGS OF FACT.

During the calendar years 1921 and 1922, the petitioner was a resident and citizen of California, married and living with his wife. At the time required by law, the petitioner and his wife filed separate returns for the years involved, each reporting one-half of the income of the marital community for said years. The Commissioner held that the entire income belonged to the husband and increased the income as shown by his returns by the amounts reported by his wife, and computed the deficiency of $25,013.78.

OPINION.

LITTLETON: The decision of the question involved in this proceeding is governed by the opinion of the court in *United States* v. *Robbins*, 269 U. S. 315, and the decision of the Board in the *Appeal of D. Cerruti*, 4 B. T. A. 682.

*Judgment for the Commissioner.*

---

APPEAL OF FLORA LAVENSON, EXECUTRIX, ESTATE OF GUS LAVENSON.

Docket No. 3598.        Decided September 15, 1926.

*R. H. Cost, C. P. A.*, for the petitioner.
*A. Calder Mackay, Esq.*, for the Commissioner.

This is an appeal from the determination of deficiencies for the calendar years 1919, 1920, 1921, and 1922, in the total amount of $994.99.

FINDINGS OF FACT.

Gus Lavenson died August 11, 1922. During the calendar years 1919, 1920, and 1921, and until the date of his death in 1922, he was a resident and citizen of California, married and living with his wife. At the time required by law, Gus Lavenson and his wife filed separate returns for the years involved, each reporting one-half of the income of the marital community for said years. The Commissioner held that the entire income belonged to the husband and increased the income shown by his returns by the amounts reported by his wife, and computed the deficiency of $994.99.

OPINION.

LITTLETON: The decision of the question involved in this proceeding is governed by the opinion of the court in *United States* v. *Robbins*, 269 U. S. 315, and the decision of the Board in the *Appeal of D. Cerruti*, 4 B. T. A. 682.

*Judgment for the Commissioner.*