for the year involved, each reporting one-half of the income of the marital community for said year. The Commissioner held that the entire income belonged to the husband and increased the income as shown by his return by the amount reported by his wife, and computed the deficiency of $2,670.40.

### OPINION.

LITTLETON: The decision of the question involved in this proceeding is governed by the opinion of the court in *United States* v. *Robbins*, 269 U. S. 315, and the decision of the Board in the *Appeal of D. Cerruti*, 4 B. T. A. 682.

*Judgment for the Commissioner.*

---

## APPEAL OF JACOB SAMUELS.

Docket No. 8050.    Decided September 15, 1926.

*W. W. Spalding, Esq.,* for the petitioner.
*A. Calder Mackay, Esq.,* for the Commissioner.

This appeal is from the determination of a deficiency in income tax for the year 1921 in the amount of $8,462.17.

### FINDINGS OF FACT.

The taxpayer is a married man living with his wife, and during the year 1921 was domiciled in the State of California. For the year 1921 the taxpayer and his wife filed separate income-tax returns in which each reported one-half of the income of the community. The Commissioner has added to the income of the taxpayer one-half of the income of the community reported by the taxpayer's wife and has taxed the same as income of the taxpayer.

### OPINION.

MARQUETTE: The decision of the question involved in this proceeding is governed by the opinion of the court in *United States* v. *Robbins*, 269 U. S. 315, and the decision of the Board in the *Appeal of D. Cerruti*, 4 B. T. A. 682.

*Judgment for the Commissioner.*

---

## APPEAL OF WARREN H. POMEROY.

Docket No. 7415.    Decided September 15, 1926.

*Philip G. Sheehy, Esq.,* for the petitioner.
*A. Calder Mackay, Esq.,* for the Commissioner.

This is an appeal from the determination of a deficiency of $471.41 for the calendar year 1923.

During the calendar year 1923, the petitioner was a resident and citizen of California, married and living with his wife. At the time required by law, the petitioner and his wife filed separate returns for the year involved, each reporting one-half of the income of the marital community for said year. The Commissioner held that the entire income belonged to the husband and increased the income as shown by his return by the amount reported by his wife, and computed the deficiency of $471.41.

LITTLETON: The decision of the question involved in this proceeding is governed by the opinion of the court in *United States* v. *Robbins*, 269 U. S. 315, and the decision of the Board in the *Appeal of D. Cerruti*, 4 B. T. A. 682.

*Judgment for the Commissioner.*

---

## APPEAL OF FRANK J. PIMENTAL.

Docket No. 3402.   Decided September 15, 1926.

*Philip G. Sheehy, Esq.*, for the petitioner.
*A. Calder Mackay, Esq.*, for the Commissioner.

This appeal is from the determination of a deficiency of $1,047.32, for the calendar year 1921, of which $776.59 is the amount determined to be the deficiency in tax, and $270.73 determined to be the 25 per cent penalty for failure to file the return within the time required by law.

During the calendar year 1921, the petitioner was a resident and citizen of California, married and living with his wife. Petitioner and his wife filed separate returns for the year involved, each reporting one-half of the income of the marital community for said year. The Commissioner held that the entire income belonged to the husband and increased the income as shown by his return by the determination of the deficiency here in question. He further held that the taxpayer was liable for the 25 per cent penalty for failure to file his return at the time required by law.

LITTLETON: The decision of the first question involved in this proceeding is governed by the opinion of the court in *United States* v. *Robbins*, 269 U. S. 315, and the decision of the Board in the *Appeal of D. Cerruti*, 4 B. T. A. 682.