This is an appeal from the determination of deficiencies of $6,390.06 for 1918, and $1,196.73 for 1922, and overassessments of $4,305.38 for 1919, $1,164.27 for 1920, and $4,676.94 for 1921.

### FINDINGS OF FACT.

Alexander H. Kerr died subsequent to 1922. During the years 1918 to 1922, inclusive, he was a resident and citizen of California, married and living with his wife. At the time required by law, the petitioner and his wife filed separate returns for the years involved, each reporting one-half of the income of the marital community for said years. The Commissioner held that the entire income belonged to the husband and increased the income as shown by his returns by the amounts reported by his wife, and computed the deficiencies and overassessments as above set forth.

### OPINION.

LITTLETON: The decision of the question involved in this proceeding is governed by the opinion of the court in *United States* v. *Robbins*, 269 U. S. 315, and the decision of the Board in the *Appeal of D. Cerruti*, 4 B. T. A. 682.

*Judgment for the Commissioner.*

---

NORMAN A. EISNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6028.    Decided September 15, 1926.

*Norman A. Eisner* pro se.
*A. Calder Mackay, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax in the amount of $1,209.06 for the year 1920. The only question involved is whether the petitioner and his wife are entitled to report separately community income. The case was submitted on the pleadings.

### FINDINGS OF FACT.

The petitioner is married and resides with his wife, Elsie S. Eisner, in San Francisco, Calif. For the year 1920 the petitioner and his wife filed separate income-tax returns wherein each reported one-half of the income of the marital community for the year. The Commissioner held that the entire income belonged to the petitioner and increased the income shown by his return by the amount reported by his wife, and computed the deficiency of $1,209.06.

### OPINION.

ARUNDELL: The decision of the question involved in this proceeding is governed by the decision of the Supreme Court of the United States in the case of *United States* v. *Robbins*, 269 U. S. 315, and by the ruling of the Board in the *Appeal of D. Cerruti*, 4 B. T. A. 682.

*Judgment for the Commissioner.*