FINDINGS OF FACT.

The petitioner is married and resides with his wife, Elsie S. Eisner, in San Francisco, Calif. For the year 1920 the petitioner and his wife filed separate income-tax returns wherein each reported one-half of the income of the marital community for the year. The Commissioner held that the entire income belonged to the petitioner and increased the income shown by his return by the amount reported by his wife, and computed the deficiency of $1,209.06.

OPINION.

ARUNDELL: The decision of the question involved in this proceeding is governed by the decision of the Supreme Court of the United States in the case of *United States* v. *Robbins*, 269 U. S. 315, and by the ruling of the Board in the *Appeal of D. Cerruti*, 4 B. T. A. 682.

*Judgment for the Commissioner.*

---

## HUBERT C. WYCKOFF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6357.    Decided September 15, 1926.

*Hubert C. Wyckoff, Esq.,* pro se.
*A. Calder Mackay, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the calendar year 1922 in the amount of $869.26, arising from the refusal of the Commissioner to permit the petitioner and his wife to report income on a community property basis.

FINDINGS OF FACT.

The petitioner is a citizen of the United States and a resident of the State of California. He has been married more than twenty-five years and during all of this period has lived with his wife, Anabel Wyckoff, in California. All of the property possessed by the petitioner at any time since his marriage has been acquired in California since that time.

The gross income of the petitioner for the year 1922 was as follows:

| | |
|---|---|
| Salary | $7,500.00 |
| Interest on bank deposits, etc | 693.09 |
| Income from partnership | 7,939.36 |
| Rents | 1,545.15 |
| Profits on sales of stocks and bonds | 1,027.08 |
| Dividends on stock of domestic corporations | 390.00 |
| Taxable interest on Liberty bonds | .66 |
| | 19,095.34 |

The salary of $7,500 and income from partnership of $7,939.36 are the earnings of the petitioner from the practice of his profession. The item of $693.09, interest on bank deposits, notes, mortgages, and corporation bonds, represents, with the possible exception of $112, income on securities purchased out of earnings subsequent to 1917. The rents amounting to $1,545.15 are income from property purchased prior to 1917. The profit on the sale of stocks and bonds in the amount of $1,027.08 represents the realized increase in value of the securities occurring since 1917. The dividends of $390 on stock of domestic corporations were received on stock purchased prior to 1917.

The net income of the petitioner for the year 1922 was $14,439.74, of which one-half, or $7,219.87 was reported by the petitioner in his income-tax return as his income, and the other half was reported by his wife. Both the petitioner and his wife paid the tax on their reported incomes, amounting in each case to $447.74.

### OPINION.

ARUNDELL: The decision of the question involved in this proceeding is governed by the decision of the Supreme Court of the United States in the case of *United States* v. *Robbins*, 269 U. S. 315, and by the ruling of the Board in the *Appeal of D. Cerruti*, 4 B. T. A. 682.

*Judgment for the Commissioner.*

---

## LOUIS D. GREEN, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5847.    Decided September 15, 1926.

*Lawrence Livingston, Esq.*, for the petitioner.
*A. Calder Mackay, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the calendar year 1923 in the amount of $902.81, arising from the action of the Commissioner in including in the income of the petitioner that part of the community income reported by the wife of the petitioner.

### FINDINGS OF FACT.

During the entire calendar year 1923 the petitioner was married and living with his wife, Rose S. Green, and both he and his wife were residents and citizens of the State of California.