## LOUIS D. GREEN, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5847.     Decided September 15, 1926.

*Lawrence Livingston, Esq.*, for the petitioner.
*A. Calder Mackay, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the calendar year 1923 in the amount of $902.81, arising from the action of the Commissioner in including in the income of the petitioner that part of the community income reported by the wife of the petitioner.

FINDINGS OF FACT.

During the entire calendar year 1923 the petitioner was married and living with his wife, Rose S. Green, and both he and his wife were residents and citizens of the State of California.

For the year 1923 the petitioner received as earnings from the partnership of Louis D. Green and Aaron S. Green the total sum of $27,999.56, and as commissions the sum of $5,128.88.

Rose S. Green filed an income-tax return for the year reporting, among other items, the amount of $11,435.34 as community income received by the petitioner from the partnership, and also the amount of $2,564.44 as community commissions received by the petitioner from the partnership. The petitioner filed an income-tax return reporting as his income the amount of $11,435.35 as income from the partnership and $2,564.44 as commissions from the partnership.

None of the property from which the income, earnings, or commissions herein referred to were derived was owned by the petitioner before his marriage, nor was any of it acquired by gift, devise, descent or bequest after marriage.

In the audit of the income-tax returns of the petitioner and his wife the Commissioner denied them the right to report separately one-half of the income and commissions received by the petitioner from the partnership of which he was a member, and included in the petitioner's income for the year the total amount of the income and commissions received from the partnership, resulting in the deficiency here involved.

### OPINION.

ARUNDELL: The decision of the question involved in this proceeding is governed by the decision of the Supreme Court of the United States in *United States* v. *Robbins*, 269 U. S. 315, and by the ruling of the Board in the *Appeal of D. Cerruti*, 4 B. T. A. 682.

*Judgment for the Commissioner.*