## TALCOTT v. UNITED STATES.

District Court, N. D. California, S. D.
February 28, 1927.

No. 17526.

**1. Internal revenue ⊜➔8(8)—In California, community property is subject to estate tax as entirety on death of husband.**

Under the law of California, a wife has not such vested interest in community property as to prevent its being subject, as an entirety, to estate tax on death of the husband.

**2. Internal revenue ⊜➔36—Statutory limitation for collection of taxes is not applicable to recover tax refunded through mistake.**

Statutory limitation of time for collection of taxes does not apply to claim to recover tax refunded through mistake.

At Law. Action by Cynthia R. Talcott, executrix of will of Jonathan R. Talcott, deceased, against the United States. Judgment for defendant.

Plaintiff seeks recovery of federal estate taxes alleged to have been erroneously assessed and paid, and defendant, resisting, counterclaims for like taxes alleged to have been erroneously refunded.

The complaint was filed March 27, 1926, and the counterclaim, December 16, 1926.

Trial is had upon the following agreed statement of facts:

December 8, 1919, plaintiff's testate died, her husband. His estate consisted of community property, which for taxation plaintiff returned in amount $323,671.58; and November 23, 1920, she paid said federal estate taxes thereon in amount $8,446.87. Thereafter, the Commissioner of Internal Revenue determined the amount of the taxable estate to be $351,251.92, and July 27, 1922, plaintiff thereon paid additional taxes in amount $1,103.51.

September 9, 1925, plaintiff applied for refund of taxes, on the ground that only one-half of an estate consisting of community property is so far the property of the hus-

band as to be subject to said taxes. The Commissioner, conceding the point, granted refund of the second payment by plaintiff made, but denied it in respect to the first payment, for that it was barred by the four years' limitation of section 3228 (a), R. S. (as amended 43 Stat. 342 [26 USCA § 157; Comp. St. § 5951]), and March 17, 1926, the refund granted was paid to plaintiff.

Goldman & Altman, of San Francisco, Cal., and McClymonds & Wells, of Oakland, Cal., for plaintiff.

George J. Hatfield, U. S. Atty., and Thomas J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

BOURQUIN, District Judge (after stating the facts as above). [1] Herein the court finds for defendant and against plaintiff, and that defendant is entitled to recover of and from plaintiff the amount of the former's counterclaim, interest, and costs. Judgment accordingly. Stewart v. Stewart, 199 Cal. 318, 249 P. 197, and U. S. v. Robbins, 269 U. S. 315, 46 S. Ct. 148, 70 L. Ed. 285, foreclose all argument, supersede Wardell v. Blum (C. C. A.) 276 F. 226, and require the conclusion herein.

[2] In respect to limitations, the counterclaim is for money paid by mistake, to which the statutory limitations for collection of taxes have no application, to which is no limitation.