GUY C. EARL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7873.   Promulgated February 14, 1928.

*H. H. Tooley*, *Esq.*, for the petitioner.
*M. E. McDowell*, *Esq.*, for the respondent.

724

OPINION.

TRAMMELL: In determining the deficiencies here involved the re spondent gave effect to the agreement set out in the findings of fact in so far as income from property was concerned, holding that one-half of the amounts received from such sources was taxable to the petitioner's wife, but held that the entire amounts of $24,839 and $22,946.20 received in 1920 and 1921, respectively, as salary, fees, etc., were taxable to the petitioner.

It was contended, in view of the contract entered into in 1901, that one-half of the above amounts should be taxable to the petitioner's wife upon the ground that it became her income upon its receipt by the petitioner.

The petitioner in his brief cites many cases to the effect that husband and wife may by contract change the character of their property from community to separate property. That is, the husband and wife may enter into an agreement that the earnings of the wife may be her separate property. Authorities are also cited to the effect that under the California law a contract such as set out above constituted an equitable assignment of future earnings.

We have no disagreement with the authorities cited by the petitioner. It may be conceded that under the law of California the petitioner's wife had a right under the contract to receive one-half of her husband's earnings, but this was at most an assignment of a portion of the petitioner's earnings. As between the parties the contract may be perfectly legal and enforceable. He might have been compelled to turn over to his wife one-half of the earnings, but the salary and fees involved here first became his earnings. In the case of *Blair* v. *Roth*, decided by the Circuit Court of Appeals, Ninth Circuit (not yet reported), the court held that an agreement such as

this did not have the effect of preventing the earnings from becoming community property. The earnings are taxable to the petitioner when received. *United States* v. *Robbins*, 269 U. S. 315.

In view of the foregoing, it is our opinion that the amounts received by the petitioner as salary, fees, etc., should be taxable to him.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

MILLIKEN concurs in the result.