CHARLES BROWN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOSEPH ISRAEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 13932, 27779, 27780, 31427, 31428.    Promulgated October 12, 1928.

*Clark J. Milliron, Esq.,* and *E. S. Brashears, Esq.,* for the petitioners.

*Clark T. Brown, Esq.,* for the respondent.

984

OPINION.

MILLIKEN: The questions presented in these five proceedings are, (1) Were the petitioners' wives, Bessie Brown and Frances Israel. partners in the firm of Brown-Israel Outfitting Co., and (2) if so, should their income therefrom be reported as their own separate income, or should it be included in that of their husbands as community property?

Under the decisions of the courts of California and of this Board, it has been held that husband and wife may freely contract with each other.

We think that the evidence in this case, which is uncontradicted, shows that the petitioners and their wives entered into an oral con-

tract of partnership in July, 1919, and they conducted business in accordance therewith through the taxable years. Their actions in filing and publishing the certificate of ownership and in making the various statements to the bank and R. G. Dun & Co. are corroborative thereof. These statements were made in the usual course of business long before these questions arose and can not be considered as mere self-serving declarations. They were acts of the parties and therefore competent, as were also the accounts and books of the firm.

In the recent cases of *L. S. Cobb*, 9 B. T. A. 547; *F. C. Busche*, 10 B. T. A. 1345; and *Elihu Clement Wilson*, 11 B. T. A. 963, the Board reviewed the statutes and decisions of California and held that in that State husband and wife could enter into a contract of partnership and carry on business as such and that the interests of each was that one's separate property and the income therefrom was returnable by and taxable to each individual according to his or her interest. It followed that the income of the wives could not be added to that of the husbands on the theory of community property. In none of the above cases did it appear that the wife had contributed any capital from her separate estate, and in the *Busche* case alone did she appear to have rendered any services.

In the instant cases the facts are much stronger, for the wives contributed both capital and services.

We do not deem the cases of *United States* v. *Robbins*, 269 U. S. 315; *Blair* v. *Roth*, 22 Fed. (2d) 932; and *H. A. Belcher*, 11 B. T. A. 1294, applicable to the facts of the cases under consideration. In the *Robbins* case there was no contract of partnership between husband and wife and there was no investment of her separate property nor services rendered by her. The income sought to be divided between husband and wife resulted from earnings of the husband and community property, and it was held that the income was clearly community property and taxable to the husband.

The *Roth* and *Belcher* cases are likewise not in point for in neither was there a partnership agreement for the conduct of business and the earning of income, there was no investment of separate property by the wife, and there was no agreement that her earnings should be her separate property. The agreements were that the earnings of both husband and wife were to be pooled and that they were to be joint owners of the common fund. In those cases there was no partnership and the parties were working for others. The decisions were merely to the effect that the earnings of both husband and wife were community property and were taxed as such. The earnings were not the result of the contract, but merely became subject to it after receipt.

# 986

In the instant cases the earnings, salaries and profits were all the result of the contract and the investment by each of his or her separate property.

We are of opinion that the contract of partnership was entered into, that it was valid, and that the salaries and all other income derived therefrom by Bessie Brown and Frances Israel was their separate property and that it was error for respondent to have included them in the incomes of petitioners.

In the recomputation of the deficiencies, if any, under Rule 50, adjustments of disallowed deductions to the partnership should conform to the decision here made concerning the income of petitioners.

*Judgment will be entered under Rule 50.*