*847 OPINION.
Milliken:
Petitioners do not now contend that respondent erred in including for estate-tax purposes the entire value of the community property in the gross estate of David Neustadter, deceased. Neither do they now raise any question as to the amount of the deficiency. See Estate of Isidore Rosenberg, 14 B. T. A. 1840, and cases therein cited. They admit that the determination of such a deficiency would be unobjectionable in a proper case. They, however, vigorously contend that since, as they assert, they have distributed the whole of the estate to the various devisees and legatees, they and each of them would have incurred a personal liability for the deficiency but for the fact that they have been, as they contend, relieved from such liability by reason of the letter of July 30,1924 (written by Newton H. Neustadter, as executor) to respondent and the subsequent correspondence between them, and by reason of the payment by them prior to the receipt of the deficiency letter upon which this proceeding is based of the whole tax then determined against them. They assert that since said deficiency letter was addressed to them as executors, respondent has determined they are personally liable for the deficiency, and further assert that, since they have been released from all personal liability and since as they now have in their hands no assets of the estate from which payment can be made, the Board should determine that there is no deficiency as against them.
The contention that they have been released of personal liability is based upon section 313 of the Revenue Act of 1924. That section reads:
Seo. 313. (a) The collector shall grant to the person paying the tax duplicate receipts, either of which shall be sufficient evidence of such payment, and shall entitle the executor to be credited and allowed the amount thereof by any court having jurisdiction to audit or settle his accounts.
(b) If the executor makes written application to the Commissioner for determination of the amount of the tax and discharge from personal liability therefor, the Commissioner (as soon as possible, and in any event within one year after the making of such application, or, if the application is made before the return is filed, then within one year after the return is filed, but not after the expiration of the period prescribed for the assessment of the tax in section 310) shall notify the executor of the amount of the tax. The executor, upon payment of the amount of which he is notified, shall he discharged from personal liability for any deficiency in tax thereafter found to be due and shall be entitled to a receipt or writing showing such discharge.
*848 (c) The provisions of subdivision (b) shall not operate as a release of any part of the gross estate from the lien for any deficiency that may thereafter be determined to be due, unless the title to such part of the gross estate has passed to a bona fide purchaser for value, in which case such part shall not be subject to a lien or to any claim or demand for any such deficiency, but the lien shall attach to the consideration received from such purchaser by the heirs, legatees, devisees, or distributees.
See also section 407 of the Revenue Act of 1921.
Respondent asserts that petitioners have not complied with the above sections and for the reason these provisions have no application. Respondent further contends that the question of personal liability on the part of the executors is not involved in this proceeding. This latter contention, we think, is the controlling issue. In this connection, it is to be noted that the decree of the Superior Court entered in February, 1924, recites that petitioners had in their hands the sum of $10,000, which they were to hold until they had received a full acquittance from the United States Government with respect to all United States taxes claimed or to be claimed against the estate of David Reustadter, deceased. Petitioner contends that since it is shown that they had paid the deficiency determined by the letter of October 14,1925, as redetermined by the letter of November 10, 1925, we must assume that petitioners have distributed the said amount to the persons entitled as required by the decree. Respondent does not assent to this contention. It is also pertinent to note that petitioners have not been discharged from their office and are now proceeding in this appeal in their executorial capacity and not as individuals.
Whether the issue of personal liability is before us depends on •what respondent has determined in his letter of September 21, 1926, which is the basis of this proceeding. That letter is addressed to “Newton H. Neustadter, et al., Executors, Estate of David Neu-stadter.” A careful reading of the letter of September 21, 1926, discloses that there is nothing in that letter which refers to any personal liability on the part of the executors. It asserts only a “ deficiency ” in estate tax. It is further most important to note that the letter was written pursuant to section 318 of the Revenue Act of 1926, and informs petitioners of their right under section 308 to appeal to the Board. The pertinent part of section 318 reads:
If after the enactment of this Act the Commissioner determines that any assessment should be made in respect of any estate or gift tax imposed by the Revenue Act of 1917, the Revenue Act of 1918, the Revenue Act of 1921, or the Revenue Act of 1924, or by any such Act as amended, the Commissioner is authorized to send by registered mail to the person liable for such tax notice of the amount proposed to be assessed, which notice shall, for the purposes of this Act, be considered a notice under subdivision (a) of section 308 of this Act. * * ».
As shown by the above excerpt, this section applies to both estate and gift taxes and the requirement is that the registered letter be *849 mailed “ to the person liable for such tax * * *.” By section 406 of the Revenue Act of 1921 it is provided: “ The executor shall pay the tax to the collector or deputy collector * * By section 400 of the same Act it is provided:
The term “ executor ” means the executor or administrator of the decedent, or, if there is no executor or administrator, any person in actual or constructive possession of any property of the decedent; * * *
Since the executors were then (and now are) in office, the plain requirement of the statute is that the deficiency letter be addressed to them. It is only where “ there is no executor or administrator ” that the letter may be addressed to “ any person in actual or constructive possession of any property of the decedent.” It is a further requirement of section 318 of the Revenue Act of 1926 that said notice “ shall for the purpose of this Act be considered a notice under subdivision (a) of section 308 of this Act.” Turning to subdivision (a) of section 308, we find that it contains the following:
If the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the executor by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the executor may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. * ⅜ *
The definition of the term “ executor ” in section 300 of the Revenue Act of 1926 ,is the same as that in section 400 of the Revenue Act of 1921. It thus appears that respondent could have determined a deficiency in estate tax under section 308 against the estate of David Neustadter, deceased, in no way other than by addressing his letter to the executors then in office. If petitioners’ contention be followed to its logical conclusion, it would result that it matters not that the estate was liable for the tax, whether in the hands of the executors or in the hands of the .devisees or legatees, no deficiency under section 308 could be determined in a case like this where the executors are still in office. We do not concur in such a contention.
Upon an appeal under section 308 of the Revenue Act of 1926, the jurisdiction of the Board is limited to a redetermination of a deficiency in estate tax due from the executors in their representative capacities. However, in redetermining such a deficiency, the Board is not limited to a mere recomputation, but may determine that there is no deficiency on the ground that the deficiency is barred by the statute of limitations (section 906(e)), or because it is illegal in that it violates the provisions of any of the revenue acts or for any other reason. National Refining Co. of Ohio, 1 B. T. A. 236. We have approved the deficiency asserted by respondent against the executors in their representative capacities, and in so doing, we are *850 of opinion that we have exhausted our jurisdiction in so far as this proceeding is concerned. In approving the deficiency we have not decided whether the additional tax shall be paid by the executors as their personal liability. This view is in accord with the decision of the United States District Court for the Eastern District of Pennsylvania in United States v. Rodenbough, 21 Fed. (2d) 781, where the court said:
One other matter remains to be disposed of. The defendant argued that, under the limitation provision of section 407 of the Revenue Act of 1921 (Comp. St. § 6336¾ h), this action against the defendant is barred. The discharge from liability provided for by that statute, however, is a discharge from personal liability. This action is not against the executor personally, but against him in his representative capacity as executor of the estate. A judgment rendered in this action would not subject him directly to any personal liability. If for any reason, as a result of the judgment in this case, recourse against the executor in his personal capacity should be attempted, the question could then be raised. As the record stands at present, it is not involved.
This portion of the opinion of the District Court was affirmed by the Circuit Court of Appeals in Rodenbough, v. United States, 25 Fed. (2d) 13.
Respondent can determine the personal liability of an executor only under section 316 of the Revenue Act of 1926, the pertinent parts of which read:
Seo. 316. (a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims for suits for refunds) :
(1) The liability, at law or in equity, of a transferee of property of a decedent or donor, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed by this title or by any prior estate tax Act or by any gift tax Act.
■ (2) The liability of a fiduciary under section 3467 of the Revised Statutes in respect of the payment of any such tax from the estate of the decedent or donor.
Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax.
Thus we find that the Revenue Act of 1926 contains a distinctively separate provision for the redetermination of “ The liability of a fiduciary under Section 3467 of the Revised Statutes * * Section 3467 of the Revised Statutes reads:
Every executor, administrator, or assignee, or other person, who pays any debt due by the person or estate from whom or for which he acts, before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate for the debts so due to the United States, or for so much thereof as may remain due and unpaid.
*851 Three things are to be noted at this juncture: First, petitioners are asserting their release from the personal liability created by section 3467 of the Revised Statutes; second, that the liability under this section can be asserted by respondent only under section 316 of the Revenue Act of 1926; and, third, that section 316 is distinct from and exclusive of sections 308 and 318 of the Revenue Act of 1926.
We are' of opinion that we can not under a proceeding based on a deficiency letter issued under sections 308 and 318 determine a “liability ” under section 316. All we determine is that the executors in their representative capacities are liable for the deficiency determined by respondent. We hold that where our jurisdiction is based upon a deficiency letter written pursuant to sections 308 and 318, and which determines only a “ deficiency ” in estate tax, we have no jurisdiction to decide the question of the “ liability” of a fiduciary under section 3467 of the Revised Statutes. Since respondent has proceeded under sections 308 and 318; since he has determined only a deficiency in estate tax against the executors in their representative capacities, and since he has determined no personal liability on the part of the executors under section 3467 of the Revised Statutes, we are of opinion that we exhaust our jurisdiction as concerns this proceeding when we approve the deficiency as determined by respondent.
Reviewed by the Board.

Judgment will be entered for resyondent.

Steeni-iagen concurs in the result.