BLAIR, Commissioner of Internal Revenue, v. ROTH.

Circuit Court of Appeals, Ninth Circuit. December 12, 1927.

No. 5183.

1. Internal revenue $\Longleftrightarrow$7(27)—"Community income," in California, is taxable to husband (Civ. Code Cal. §§ 162-164).

All "community income" in California, which, under Civ. Code Cal. §§ 162-164, includes the earnings of both spouses, in the absence of valid agreement to the contrary, is returnable by and taxable to the husband.

2. Internal revenue $\Longleftrightarrow$7(27)—Agreement of spouses as to disposal of their earnings held not to prevent wife's earnings from being "community income," taxable to husband.

Agreement of spouses that the earnings of both should be contributed to a common fund, and out of it their personal and community expenses should be paid, and they should be the owners of any surplus on an equal footing, held not to prevent earnings of the wife from being "community income," taxable to the husband.

In Error to the United States Board of Tax Appeals.

Determination by David H. Blair, Commissioner of Internal Revenue, on the income tax return of W. A. Roth, was held erroneous by the Board of Tax Appeals, and the Commissioner brings error. Reversed, with directions.

Mabel Walker Willebrandt, Asst. Atty. Gen., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and A. George Bouchard, Sp. Atty., Bureau of Internal Revenue, all of Washington, D. C. (Brice Toole, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., and Norman J. Morrison, Sp. Asst. Atty. Gen., of counsel), for plaintiff in error.

Meserve, Mumper, Hughes & Robertson, of Los Angeles, Cal., for defendant in error.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. [1] This is an appeal from a decision of the Board of Tax Appeals (44 Stat. 105, 110 [26 USCA §§ 1226, 1227]). During the year 1921 the appellee, Wm. A. Roth, and Edith M. Roth, his wife, were residents of California and were severally in the employ of the Los Angeles Lime Company. The latter's salary was $5,309.90 and that of the appellee substantially greater. In his individual income tax return for that year appellee reported, with other items, his personal salary, but not that of his wife, and in a separate return she reported her salary. Upon auditing the re-

turns, the Commissioner added to the reported income of the appellee the amount of his wife's salary, and presumably withdrew it from her return. From this determination appellee appealed to the Board of Tax Appeals, where, after a hearing, the action of the Commissioner was held erroneous, and judgment was given accordingly. From that decision the Commissioner prosecutes this appeal.

It may be stated that, under the prevailing practice in such cases, the Commissioner makes his ruling or determination upon the taxpayer's return and other records of the office, whereupon the taxpayer, if dissatisfied, files with the Board of Tax Appeals what is called a petition on appeal, in which he sets up the facts upon which he predicates his contention that error was committed. To this the Commissioner may file an answer, and, if thus any issues of fact are presented, there is a hearing before the board analogous to a judicial trial; the taxpayer as a plaintiff having the burden of proof. B. T. A. rule 30.

By sections 162, 163, and 164 of the California Civil Code it is provided that all property owned by either spouse before marriage, or thereafter acquired by gift, bequest, devise, or descent, with the rents, issues, and profits thereof, is separate property, and all other property acquired after marriage by either constitutes community property. In the absence of a valid agreement to the contrary, it is conceded the earnings of either spouse become community property. McKay on Community Property (2d Ed.) p. 154; Martin v. Southern Pacific Co., 130 Cal. 285, 62 P. 515; Fennell v. Drinkhouse, 131 Cal. 447, 63 P. 734, 82 Am. St. Rep. 361. And all community income in California is returnable by and taxable to the husband. United States v. Robbins, 269 U. S. 315, 46 S. Ct. 148, 70 L. Ed. 285. Hence, upon the face of the returns made by appellee and his wife, the action of the Commissioner was apparently right.

But in his petition on appeal appellee alleged: "The wife of this taxpayer was employed prior to her marriage to this taxpayer and rendered returns upon her income. When she became married to this taxpayer, in the year 1919, it was agreed between them that she should continue to have control of her savings and make separate income tax returns." By the Commissioner's answer this averment was denied, and such was substantially the only issue of fact before the board. It is to be noted that, while this averment is not out of harmony with the income

tax returns, it is materially at variance with the case made by the evidence. There was no writing, and the testimony of appellee and his wife, much of which was elicited by highly leading questions, was to the effect that, shortly after their marriage, they had an understanding, not that the earnings of each should constitute the separate property of the earner, but that the earnings of both should be contributed to a common fund, of which they were to be the owners, share and share alike. They referred to themselves as equal partners in all they had or should acquire, jointly or severally.

Referring to this aspect of the record, the board in its final decision said: "The petitioner devoted the greater part of his evidence and his brief to attempting to show that under the oral agreement entered into with his wife, about the time of their marriage, he and his wife are each subject to tax on one-half of their joint income, and that by the agreement their incomes and property are removed from the application of the community property laws of California. This question is not placed before us by the pleadings, and it, therefore, becomes unnecessary to consider it." It follows, as of course, that the judgment below cannot be sustained upon the theory reflected in the petition.

[2] Disregarding the facts pleaded or proved, the board based its ruling on the Randall Case, 4 B. T. A. 679. But inasmuch as appellee does not urge upon us the reasoning of that decision, we need not discuss it; it is sufficient to say that we deem it to be unsound. For these considerations alone we think the judgment must be reversed. But if, ignoring the form of the returns and the theory of the petition, we consider the showing made by the testimony, we are constrained to the same conclusion. As exemplified in actual practice, the agreement of the appellee and his wife amounted to substantially this: They would contribute their earnings to a common fund, out of which their personal and community expenses would be paid; and of the savings, if any, and the property in which such savings were invested, they were to be the owners upon an equal footing. By the appellant it is not contended that, under the California statutes (sections 159, 160, Civ. Code; Wren v. Wren, 100 Cal. 276, 34 P. 775, 38 Am. St. Rep. 287; Kaltschmidt v. Weber, 145 Cal. 596, 179 P. 272; Smith v. Smith, 47 Cal. App. 650, 191 P. 60; Perkins v. Sunset T. & T. Co., 155 Cal. 712, 103 P. 190), a husband and wife domiciled in that state may not make valid agreements relating to either their separate

or their community property, or that it would be incompetent, by appropriate agreement between them, to constitute the earnings of the wife her separate estate. In essence his contention is that, at most, the agreement here was for an assignment by each of the parties of one-half of his or her earnings to the other; that, at the instant they were received, the salaries were, by the law, impressed with the status of community property, and were taxable with reference to that status; and that the obligation to pay the tax so computed could not be escaped by contributing such incomes to the so-called partnership between the two members of the community, any more effectually than by contributing it to a like enterprise as between one member of the community and a third person. In this view we concur.

Judgment reversed, with directions to the board to dismiss the petition.