**WEHE v. McLAUGHLIN, Collector of Internal Revenue.**

Circuit Court of Appeals, Ninth Circuit.
January 14, 1929.

No. 5538.

Carlo S. Morbio and Frank R. Wehe, both of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and Geo. M. Naus, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT and DIETRICH, Circuit Judges, and LOUDERBACK, District Judge.

DIETRICH, Circuit Judge. The appellant (plaintiff below) was at all times herein mentioned a married man residing in the state of California, where he was engaged in the practice of his profession as a lawyer. Upon the assumption that such was their right, he and his wife made separate returns for the year 1920, each returning one-half of plaintiff's professional earnings. The Department, taking the view that the whole of the income was returnable by the plaintiff alone, made an additional assessment against him of $495.38, which he paid under protest, and to recover this amount he brought the present action. Sustaining a demurrer to his complaint, the court below entered a judgment of dismissal, from which the appeal is taken.

Recognizing that under the laws of California the earnings of the husband constitute community property, and that under the rule of United States v. Robbins, 269 U. S. 315, 46 S. Ct. 148, 70 L. Ed. 285, such income is returnable by the husband alone, plaintiff alleged in his complaint that on the 10th day of April, 1919, he "executed" to his wife an instrument in words as follows:

"This waiver, made this 10th day of April, 1919, by Frank R. Wehe, husband, to Helen M. Wehe, wife, witnesseth: That whereas all property now in my possession and all my earnings, present or future, is community property, and the decisions of the courts of this state create a doubt as to whether or not the wife has a vested right in her half of this property of such community property [see Estate of Moffitt, 153 Cal. 359, 95 P. 653, 1025, 20 L. R. A. (N. S.) 207], but that the case of In re Williams' Estate,

40 Nev. 241, 161 P. 741, L. R. A. 1917C, 602, construing similar statutes, seems to be the better and just rule, and in order to remove such doubt, I, said husband, hereby waive all rights in the one-half of said property and earnings, that is to say, in my wife's share thereof, and concede and declare that said wife's share is vested in her and hereby conveyed to her, and that I merely retain the right of management and control thereof as provided in section 172, C. C., as her trustee.

"[Signed]   Frank R. Wehe."

And upon the effect of this instrument he bases his contention that his earnings were properly returned.

It may be conceded that, by a gift from one spouse to the other of his or her interest in existing community property, the entire estate is converted into the separate property of the donee, and that thereafter the income therefrom is returnable by such donee alone. It is further true that under the laws of California it is competent for the husband and wife to agree that the personal earnings of the latter, both present and future, shall be her separate property. Kaltschmidt v. Weber, 145 Cal. 596, 79 P. 272.

We do not stop to consider whether there is any material distinction between such a case and one where the husband attempts to constitute one-half of his future earnings the separate property of his wife. Nor, in the view we take of the record, is it necessary to decide whether it is ever possible, by such an agreement made in advance, to affect the status of the earnings for concurrent income tax purposes. Granting the competency of the parties, and assuming the delivery of the instrument relied upon, we are of the opinion that it does not purport to convert any part of appellant's future earnings into the separate property of the wife. Being a lawyer, presumably appellant understood the meaning of ordinary legal terms, and if a gift absolute was intended, why the recitals and circuity of the instrument relied upon, instead of a direct and concise expression of gift?

By the statutes of California all property of husband and wife is divided into two classes, community and separate. Although appellant now contends that it was his purpose to transfer his earnings from the one class to the other, he employs one of these carefully defined, commonly used, and well-understood class names, but not the other. It would be unnatural to assume that the omission was an inadvertence. In addition to that consideration, it will be observed that he not only states in the instrument that his earnings are and will be community property, but his final word is that he retains "the right of management and control thereof as provided in section 172, C. C." (Cal. Civ. Code). But this section defines the power of the husband touching community property, and he has no such power respecting the separate property of his wife. It can scarcely be doubted that plaintiff's primary purpose in executing the instrument was to affect his earnings for income tax purposes. If in fact and law it operated to transmute one-half thereof into the separate property of his wife, prior to the accrual of the income tax obligation, motive, it may be true, would be immaterial.

But we may consider motive or purpose in construing the written instrument and determining its true intent. If, to avoid paying an income tax, the appellant had seen fit to reduce his income by charging smaller fees, or in advance donating a percentage thereof to his wife or other person, that might have been his right. But, in view of the ease with which the obligation to pay income taxes could be so evaded, the instrument of waiver or grant should be unequivocal and unconditional. A "gift" with a string to it, so that it may be drawn back as soon as it has served its purpose for income tax returns, will not be recognized. The instrument here does not purport to convert any part of the earnings into the separate property of the wife, and, that being true, the whole thereof continued to be community property, returnable as the income of the husband.

With the construction we have thus felt constrained to adopt, it is deemed unnecessary to discuss an argument predicated upon a materially different assumption. Perhaps the decided cases most nearly in point are Blair v. Roth (C. C. A.) 22 F.(2d) 932, Bing v. Bowers (D. C.) 22 F.(2d) 450, Id. (C. C. A.) 26 F.(2d) 1017, and Bowers v. Taft (C. C. A.) 20 F.(2d) 561; but all of them are readily distinguishable in point of fact.

The judgment is affirmed.