**BELCHER v. LUCAS, Commissioner of Internal Revenue.**

**No. 5800.**

Circuit Court of Appeals, Ninth Circuit.
March 31, 1930.

Claude I. Parker and Ralph W. Smith, both of Los Angeles, Cal., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and Harvey R. Gamble, Sp. Assts. to the Atty. Gen. (C. M. Charest, Gen. Counsel, and J. S. Franklin, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge.

In this proceeding we are asked to review an order of the Board of Tax Appeals approving the action of the Commissioner of Internal Revenue in aggregating, for the purpose of computing the income tax, the personal earnings of petitioner and his wife, and charging the petitioner with the whole of the tax so computed. The taxes in question were for the calendar years 1922 and 1923, and at all times the petitioner and his wife were residents of California, and the earnings were for services rendered in California. It is therefore conceded that, in the absence of some agreement altering their status, the incomes of both husband and wife constituted property of the community, and were by the Commissioner correctly taxed. United States v. Robbins, 269 U. S. 315, 46 S. Ct. 148, 70 L. Ed. 285.

Reliance is had upon an oral agreement made prior to the marriage of petitioner and his wife, which occurred on December 5, 1903, at Los Angeles, Cal., under which, to use the language of his brief, "it was understood that both would continue in business, that all earnings, income, and properties acquired by both during their married life would be owned by them fifty-fifty, and that they would be equal partners in all respects, equally owning and enjoying their earnings and acquisitions of property. * * * In accordance with this agreement, their properties, accumulations, earnings and incomes have been continuously since date of marriage been combined in a common fund, from which all expenses of both have been paid, as evidenced by joint bank accounts created immediately after marriage where all salaries, earnings and profits from whatsoever source were deposited and against which account each was authorized by written contract with the banking institution to draw." Assuming that this statement by petitioner of the scope and nature of the agreement and what was done under it is correct, we are of the opinion that the view taken by the Commissioner and the Board of Tax Appeals was right. Admittedly, it is quite unimportant that the understanding originated before marriage, for, under the settled rule in California, a post-nuptial agreement of like character would be of equal efficacy. In every material respect, therefore, the case is like Blair v. Roth (C. C. A.) 22 F.(2d) 932, and it is ruled by our decision therein. See, also, Lucas, Com'r v. Earl, 50 S. Ct. 241, 74 L. Ed. —— (United States Supreme Court Decision, March 17, 1930).

Affirmed.