## PORTER v. UNITED STATES.
### No. L–69.

Court of Claims.
Nov. 2, 1931.

James A. Tillinghast, of Providence, R. I., and J. Robert Sherrod, of Washington, D. C. (Robert N. Miller and Miller & Chevalier, all of Washington, D. C., and Tillinghast & Collins, of Providence, R. I., on the brief), for plaintiff.

J. H. Sheppard, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (Percia E. Miller, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The plaintiff, under her husband's will, was entitled to receive during her lifetime the income from certain stock, which, by the will, had been devised to trustees for that purpose. For reasons not material to the decision of the case, she made an agreement which applied to one-half of the income derived by the trustees from this stock which was payable to her under the will. In other trust indentures executed by her trustees were named to receive and dispose of the income to which the agreement applied. The question to be determined is whether by virtue of this agreement she parted entirely with the title to this income to which the agreement applied, or whether, on the other hand, she merely agreed to pay over this income to trustees when she acquired title thereto. We think the latter construction is the one which should be adopted.

The fundamental agreement of plaintiff, as expressed in the instrument under consideration, was "to pay and transfer to the trustees therein named * * * one-half of any and all sums of money or other income, in whatever form paid to or received by me from the estate of William M. Wood, Jr., which is in any way derived from said Edington & Co., Inc." Obviously, this provision, standing by itself, is merely to pay to the trustees the income whenever it was paid to or received by the plaintiff. It is contended, however, that a different construction should be placed thereon by reason of a further provision, as follows: "The intent and meaning of this agreement is that as fast as any income is payable to me by the trustees under the will of William M. Wood, Jr., which is derived from the investment of said Wood, Jr., in Edington & Co., Inc., said trustees may retain one-half thereof and pay the same forthwith in equal shares to the trustees mentioned in said annexed indentures of trust. * * *"

We do not think this alters the situation. It gave the trustees under the will no right to make any disposition of the income until it became in the first instance payable to the plaintiff, or, as expressed in the agreement, "as fast as any income is payable to me by the trustees." In neither of these provisions, as we view them, is there any expression or statement which could be construed to be an assignment or a transfer by the plaintiff of the property right which produced the income.

Where the original owner merely transfers or agrees to transfer, by assignment or otherwise, income as it is received, the authorities are uniform in holding that the person to whom the income was payable in the first instance is liable for taxes thereon. See Rosenwald v. Commissioner of Internal Revenue (C. C. A.) 33 F.(2d) 423, and Bing v. Bowers (D. C.) 22 F.(2d) 450, affirmed (C. C. A.) 26 F.(2d) 1017.

What we have said above makes it unnecessary to pass upon the other objections that are made in the argument of counsel for defendant against the claim set up by plaintiff.

It follows that the petition of plaintiff must be dismissed, and it is so ordered.