## WOOD v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6534.

Circuit Court of Appeals, Sixth Circuit.

Dec. 14, 1934.

J. A. Tillinghast, of Providence, R. I. (Miller & Chevalier, of Washington, D. C., and Tillinghast & Collins, of Providence, R. I., on the brief), for petitioner.

Louise Foster, of Washington, D. C. (Frank J. Wideman and Sewall Key, both of Washington, D. C., on the brief), for respondent.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

The Commissioner determined a deficiency of $3,097.02 in income tax against the petitioner for the year 1926. The Board of Tax Appeals sustained the Commissioner (27 B. T. A. 1308), and petitioner appeals.

The sole legal question is whether one-half of the dividends paid by Edington & Co., Inc., in 1926, on shares of stock held by the trustees of the estate of William M. Wood, Jr., was income to petitioner who received, under the decedent's will, the right to the net income from such estate for life, or whether such sum was income to petitioner's children, to whose trustees she had released one-half of

the net income resulting from the investment in Edington & Co., Inc.

The facts are conceded, and, so far as material for the purposes of this case, are as follows:

The petitioner's husband in his will established a trust in the residue of his estate. The petitioner was named life beneficiary of the net income arising therefrom, and her two children were named remaindermen. Upon the death of the husband, the estate possessed certain stock in Edington & Co., Inc., a corporation which paid large dividends but was subject to fluctuation in profits. The trustees, who were given broad authority to invest and reinvest under the will, had the power to sell this stock.

Petitioner desired to have the stock retained in the estate, and therefore on November 29, 1922, executed a written declaration in which she agreed to establish trusts for each of her two children and to pay over to the trustees of such trusts one-half of all income paid to her under the trust established by the will, derived from the investment in Edington & Co., Inc., "said payments by me to be made simultaneously with the receipt by me, from time to time, of any income derived from the investment * * * in said Edington & Co., Inc." This document authorized the trustees of her husband's estate to retain one-half of such future income, and to pay it in equal shares into the trusts established for the children. The consideration stated was that the trustees agreed that the investment in Edington & Co., Inc., should not be immediately liquidated, but bound the trustees to continue the investment for the period of six months only. This document, which was not signed by either of the trustees, was considered by the United States Court of Claims in a proceeding brought by the petitioner with reference to the determination of a deficiency in income tax for the year 1925. Porter v. United States, 52 F.(2d) 1056 (Ct. Cl.). The question involved in that case, so far as the document of November 29, 1922, is concerned, was identical with that presented here. The Court of Claims held that the assignment of income as it is received does not relieve from tax thereon the person to whom the income was payable in the first instance.

This decision was correct. Rosenwald v. Commissioner, 33 F.(2d) 423 (C. C. A. 7); Bing v. Bowers, Collector, 26 F.(2d) 1017 (C. C. A. 2).

Subsequently the petitioner, in a second document executed January 1, 1926, purporting to clarify the first, agreed that, "in consideration that the said trustees will not immediately liquidate the said investment in Edington Co., Inc., but will hold said investment under the terms of this agreement, said Edith R. Wood, individually, does hereby release all claim to one-half (½) of the net income received by the trustees from said investment, and the said trustees agree to pay over one-half (½) of the said net income from said investment to said Edith R. Wood, and to pay over the other one-half (½) of the said net income to the trustees" of the trusts created for the children. In this document the trustees reserved the right at any time they deemed it beneficial to the estate to dispose of the investment in Edington & Co., Inc.

The petitioner's main contention is that this second instrument constitutes a valid assignment of a property right, and that she hence is relieved from liability for tax upon that part of the income from Edington & Co., Inc., released by her to the trustees of her two children. The Commissioner urges that this document merely embodied an anticipatory assignment of future income. With this contention we are in accord. The property held in the trust estates created by petitioner for the children originally consisted of a relatively small amount, namely, $1,488.75 for each child, presumably income already received from the investment in Edington & Co., Inc. All future payments into the trust estates were of anticipatory income. The trustees could at any time dispose of the stock in Edington & Co., Inc. The dividends attempted to be released might never be received. There was no assignment, release, or transfer of the property right which produced the income. Every case cited on this point for the petitioner depends for its decision upon a finding that an existing property right had been assigned. We search this record in vain for an assignment in præsenti, and find only a release of income that might or might not be earned in the future. Such an arrangement could not relieve the petitioner of the tax. Lucas, Commissioner v. Earl, 281 U. S. 111, 50 S. Ct. 241, 74 L. Ed. 731; Burnet, Commissioner, v. Leininger, 285 U. S. 136, 52 S. Ct. 345, 76 L. Ed. 665; Van Meter v. Commissioner, 61 F.(2d) 817 (C. C. A. 8); Bishop v. Commissioner, 54 F.(2d) 298 (C. C. A. 7); Leydig v. Commissioner, 43 F.(2d) 494 (C. C. A. 10).

The order of the Board of Tax Appeals is affirmed.