## BREWSTER v. UNITED STATES.
### No. 42026.

Court of Claims.

Feb. 4, 1935.

J. Marvin Haynes, of Washington, D. C. (Robert H. Montgomery, of Washington, D. C., and Thomas G. Haight, of Jersey City, N. J., on the brief), for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen.

Before BOOTH, Chief Justice, and LITTLETON, WHALEY, WILLIAMS, and GREEN, Judges.

LITTLETON, Judge.

It is not denied that the income here in dispute received by plaintiff from her father's estate would have been taxable to her had she not entered into a contract with her brother Paul providing for the payment of a portion thereof to him. The character of the income rendered it taxable under the statute and the only question is whether the payments to her brother, in fulfillment of her agreement with him, had the effect of transferring the tax liability to her brother Paul.

We think the agreement in question was not an assignment of property from which the income in question was derived, and in the situation here presented the amounts involved had to become income to plaintiff before she could pay them to her brother. The agreement between them imposed no obligation on the trustees to pay the brother any amount. The trustees were not parties to the contract and their only obliga-

688

tion, in so far as the case is concerned, was to pay the income from the trust fund to the plaintiff. Had plaintiff defaulted in the payments specified in the agreement, her brother's cause of action would have been against her and not the trustees. Under the agreement, plaintiff appears to have exercised her right to dispose of her separate property as she desired. Her act did not involve the trustees or the distribution by them of the income from the corpus of the trust. From a consideration of the agreement and the surrounding facts and circumstances, we are of opinion that the contract did not constitute an assignment by plaintiff of any portion of the trust income as such, nor did it create in Paul any ownership of any part of such income.

The question is not new and we think this case falls within the decisions announced in a number of decided cases in which recovery, under similar circumstances, has been denied. Lucas v. Earl, 281 U. S. 111, 50 S. Ct. 241, 74 L. Ed. 731; Burnet v. Leininger, 285 U. S. 136, 52 S. Ct. 345, 76 L. Ed. 665; Mitchel v. Bowers (C. C. A.) 15 F.(2d) 287; Bing v. Bowers (D. C.) 22 F.(2d) 450; Wehe v. McLaughlin (C. C. A.) 30 F.(2d) 217; Gideon N. Stieff v. Commissioner, 2 B. T. A. 1109; Julius Rosenwald, 12 B. T. A. 350; Dickey et al. v. Burnet, 14 B. T. A. 1295; Id. (C. C. A.) 56 F.(2d) 917; Hamerslag v. Commissioner, 15 B. T. A. 96; Power v. Commissioner, 23 B. T. A. 428; Wood v. Commissioner, 27 B. T. A. 1308, affirmed C. C. A. Sixth Circuit, 74 F.(2d) 78, decided December 14, 1934; McDonald v. Commissioner, 28 B. T. A. 1234; Kearney v. Commissioner, decided by the U. S. Board of Tax Appeals December 26, 1934, and Porter v. United States, 52 F.(2d) 1056, 72 Ct. Cl. 680.

Plaintiff relies on Shellabarger v. Commissioner (C. C. A.) 38 F.(2d) 566, in which the court, under a state of facts very similar to those in the case at bar, gave judgment for the petitioner. That decision was rendered prior to a number of the decisions above mentioned, and, after careful consideration, we are unable to concur in the conclusion reached therein.

Upon the facts in this case, we are of the opinion the amounts paid by plaintiff to her brother Paul, pursuant to the agreement between them, were first income to her and were properly included in her gross income by the defendant. The petition must, therefore, be dismissed. It is so ordered.