STANLEY S. ANDERSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42053.   Promulgated September 25, 1935.

*Joseph D. Peeler*, Esq., *Melvin D. Wilson*, Esq., and *E. P. Adams*, C. P. A., for the petitioner.

*R. W. Wilson*, Esq., for the respondent.

## OPINION.

SMITH: In the opinion of the Circuit Court of Appeals for the Ninth Circuit remanding this case to the Board, the court stated:

We do not know from this statement of the Board whether or not they believed the testimony of the husband and wife with reference to the oral agreement between them. If they disbelieved this testimony by reason of the acts of the husband and wife which were more or less inconsistent with

94

their testimony that they had made such an agreement, of course the oral agreement cannot be considered by us. On the other hand, if the Board were acting upon the legal proposition that the agreement if made was not binding or enforceable such conclusion is directly in the teeth of the statute of California (Cal. Civ. Code §158) which permits the husband and wife to enter into an agreement with relation to their property, and agree that they shall hold their property in some form other than as community property is altogether clear from the authorities. In this connection it should be observed that there is a distinction between those cases in which the question involved is whether or not the earnings of one of the spouses is taxable to that spouse as his or her separate income, and those cases in which the question is whether or not after the property has been thus acquired its status has been or can be changed by the agreement between the parties. Such cases as *Lucas* v. *Earl*, 281 U. S. 111; *Belcher* v. *Lucas*, 39 F. (2d) 74; and *Helvering* v. *Hickman*, 70 F. (2d) 985, deal with the taxability of income to the spouse which earned it and do not deal with the income derived from property which has been acquired by the spouses and is held by them under the contracts entered into between them modifying the status of the property as authorized by §158 of the Civil Code of California.

The proper conclusion with reference to the deficiency tax in the case at bar revolves around the question of whether or not the husband and wife made the agreement that the property then owned or subsequently acquired by them should be owned by them as tenants in common as distinguished from community property ownership, each owning a one-half interest therein as his or her separate property. If such an agreement were made it would necessitate a different conclusion from that arrived at by the Board. * * * If the Board of Tax Appeals believes that such an agreement was made, the presumption in favor of the ruling of the Commissioner, and the more general presumption that property acquired by the spouses and not shown to have been acquired by gift, devise, or bequest or descent (Cal. Civ. Code §§ 162, 163, 164; *Pedler* v. *Commissioner*, *supra*), is community property are overcome.

Upon our amended findings of fact and in view of the opinion of the Circuit Court of Appeals, we are of the opinion that the petitioner is liable to income tax upon only one half of the income from the properties owned by the petitioner and his wife during the tax years in question.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*