ARONSON v. WHITE.
No. 6463.

District Court, D. Massachusetts.
Feb. 14, 1936.

Israel Gorovitz and Samuel Gottlieb, both of Boston, Mass., for plaintiff.

Francis J. W. Ford, U. S. Atty., of Boston, Mass., for defendant.

SWEENEY, District Judge.

This is an action at law brought by the plaintiff, as trustee in bankruptcy of the Viking Manufacturing Company, Inc., to recover taxes assessed against the company as a manufacturer's excise tax under the provisions of section 609 of the Revenue Act of 1932.

The facts are as follows: The Viking Manufacturing Company, between June 21, 1932 and May 1, 1933, paid the following taxes:

| Date | Amount |
| --- | --- |
| January 30, 1933 | $3,075.13 |
| February 16, 1933 | 259.40 |
| February 27, 1933 | 6,826.05 |
| March 31, 1933 | 10,519.50 |
| May 1, 1933 | 16,341.55 |
| Total | $37,021.63 |

being at the rate of 10 per cent. on the manufacture and sale of articles described as puzzles of the jigsaw type. The puzzles contained between 162 and 500 pieces each.

The court finds as a matter of fact that the Viking Company did not pass the tax along to its vendees. The sole question remaining is whether the article manufactured by the Viking Company, namely, a puzzle of the jigsaw type, and commonly referred to as a jigsaw puzzle, was taxable under section 609 of the Revenue Act of 1932, 26 U.S.C.A. § 1420 et seq. note, which provides that: "There is hereby imposed upon the following articles, sold by the manufacturer, producer, or importer, a tax equivalent to 10 per centum of the price for which so sold: Tennis rackets, tennis racket frames and strings, nets, racket covers and presses, skates, snowshoes, skis, toboggans, canoe paddles, polo mallets, baseball bats, gloves, masks, protectors, shoes and uniforms, football helmets, harness and uniforms, basket ball goals and uniforms, golf bags and clubs, lacrosse sticks, balls of all kinds, including baseballs, footballs, tennis, golf, lacrosse, billiard and pool balls, fishing rods and reels, billiard and pool tables, chess and checker boards and pieces, dice, games and parts of games (except playing cards and children's toys and games); and all similar articles commonly or commercially known as sporting goods."

Treasury Regulations 46, promulgated under the Revenue Act of 1932, and pertaining to section 609, contains the following:

"Art. 53. Scope of Tax.—The tax attaches to sales by the manufacturer of the articles enumerated in section 609 as well as to all similar articles commonly or commercially known as sporting goods, games, and parts of games (except playing cards and children's toys and games).

"The term 'sporting goods' includes all articles of the same general character as those specifically named, the purpose of which is primarily for use either indoors or outdoors in connection with a game or sport.

"The term 'game' includes games of skill or chance and every contrivance, device, or combination of articles which is designed to furnish sport, recreation, or amusement. Games of the type ordinarily played or used by adults, as distinguished from games designed for the use of children, are subject to the tax."

█ The plaintiff contends that a puzzle of the jigzaw type is not within the meaning of the word "game" as used in the statute, and supplies a great many argumentative reasons in support of his contention. Among the many definitions given by Webster's Dictionary, there is one which describes a game as an "amusement or diversion." This interpretation of the word "game" was maintained in the case of Mills Novelty Co. v. United States (Ct.Cl.) 50 F.(2d) 476, 477, where the court stated: "The word 'game' is very comprehensive, and embraces every contrivance or institution which has for its object to furnish sport, recreation, or amusement."

In the enactment of this legislation, Congress had in mind a comprehensive and all-inclusive scheme of taxation which was intended to cover the articles set forth therein generally, giving the words of that act a fair meaning. As stated in Baltimore Talking Board Co. v. Miles (C.C.A.) 280 F. 658, 661: "The whole statute shows the intention to tax sales of all articles which were thought of and named and which could be embraced in words of general description known generally as luxuries: that is, articles not reasonably necessary to comfort according to the average standards of American life."

There is nowhere shown in the enactment an intent to except a game or puzzle such as is here involved. Turning to the contemporary construction placed on this act by the Commissioner of Internal Revenue, it will be seen that under article 53 of Regulations 45, promulgated on June 18, 1932, a game was deemed to include "every contrivance * * * designed to furnish sport, recreation or amusement."

█ It is to be noted that the only exceptions set forth in the statute on the question of taxability are "playing cards and children's toys and games." The petitioner contends that it should be exempt as being a children's toy or game. The burden of proving that he is within the exceptions to the act is on the plaintiff.

The Commissioner has ruled that, for the purpose of the act, puzzles containing 50 pieces or less will be considered children's games, and not subject to the tax, X1-2 Cumulative Bulletin, 481, Regulations 46, article 55, Games—Taxability of Jigsaw Puzzle as a Game:

"Advice is requested concerning the taxability, under section 609 of the Revenue Act of 1932, of jig saw puzzles as games.

"The word 'games,' as used in section 609 of the Revenue Act of 1932, does not mean the games themselves but the instrumentalities used in playing them. (See Baltimore Talking Board Co. v. Miles [C. C.A.] 280 F. 658, T.D. 3401, C.B. I-2, 297.) Under the strict interpretation of that word all picture puzzles could be classified as games and held to be taxable. However, children's games are specifically exempted from the tax. It would follow that if the picture puzzles, or games, are of the type ordinarily designed for the use of children, they are not taxable.

"A jig saw puzzle containing comparatively few pieces may properly be considered as one so simple as to warrant classification as a children's game and exempt from the tax. Where such puzzles contain many pieces they become more complex and are taxable on the ground that they are designed for use by adults. For revenue purposes, it is held that if the jig saw puzzle contains 50 pieces or less, it is a children's game and not subject to the tax. If the jig saw puzzle contains more than 50 pieces it is subject to the tax as a game under section 609 of the Revenue Act of 1932."

█ The plaintiff has not sustained the burden of proving that jigsaw puzzle comes within the exceptions as being a children's game, nor do I find that the Commissioner's ruling that games with less than 50 pieces are children's games is an arbitrary or unfair ruling. Obviously some line of demarcation had to be maintained, and this seems to be as fair as any.

The plaintiff's motion for judgment is denied. The defendant's request for a ruling of law is granted. The plaintiff's requests for rulings of law are allowed in so far as they are consistent with this

opinion, and are denied in so far as they are inconsistent. The plaintiff's requests for findings of fact are allowed in so far as they are consistent with this opinion, and are denied in so far as they are inconsistent. Judgment may be entered for the defendant.