## CLOISTER PRINTING CORPORATION v. UNITED STATES.
### No. 49.

Circuit Court of Appeals, Second Circuit.

Dec. 5, 1938.

Friedman & Friedman, of New York City (Hyman R. Friedman, of New York City, of counsel), for appellant.

Lamar Hardy, U. S. Atty., of New York City (David McKibbin, 3rd, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

Appellant sues to recover moneys paid for taxes in compromise of an assessment made against it under § 609 of the Revenue Act of 1932, 47 Stat. 264, ch. 209, 26 U.S.C.A. following § 1481. The Revenue Act imposes a tax on articles sold by a manufacturer, producer or importer of games or parts of games or articles commonly or commercially known as sporting goods. Appellant is said to be a manu-

facturer of jig saw picture puzzles, which it sold in 1933. Appellant claims that the R. M. Sales Corporation and not it was the manufacturer and that therefore it was not liable for such tax. The Collector denied that the sales corporation was the manufacturer. A compromise was reached whereby $1,000 was paid and accepted, in settlement of an assessment of $3,360. This was paid by an assignee of the appellant to whom appellant had made an assignment of its assets for the benefit of creditors. After the assignee wound up his duties and rendered his account, he was judicially discharged.

Prior to the compromise, the United States District Court of Massachusetts held that jig saw puzzles were games or parts of games and therefore taxable. Aronson v. White, D. C., 13 F.Supp. 913. This decision was reversed eight months after this compromise was concluded by the Circuit Court of Appeals of the First Circuit (87 F.2d 272) which result was later affirmed by the Supreme Court (302 U.S. 16, 58 S.Ct. 95, 82 L.Ed. 20). Whereupon appellant demanded a repayment of the $1,000 it had paid and after refusal this suit was brought.

■ The refunding statute (26 U.S.C.A. §§ 1672–1673, 43 Stat. 343) provides that "* * * a * * * suit or proceeding * * * for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected * * * may be maintained, whether or not such tax, penalty, or sum had been paid under protest or duress." By amendment of the revenue act in 1924 (ch. 234, 43 Stat. 253, 343, § 1014, amending Rev.Stat. § 3226, all payments under the revenue act are regarded as involuntary. Moore Ice Cream Co. v. Rose, 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265.

The controversy here is centered in the question of whether the compromise made is final or whether it may be disregarded because of the mistaken assumption of both the collector and the assignee that the puzzles were subject to a tax payable by some one. The court below held that this mistaken assumption was a mistake of law only, and that therefore the money paid under compromise was not recoverable.

■ The refunding statute above makes no distinction between mistakes of fact or law and none should be read into it. The appellant's argument made against the tax before payment was as to whether it could be taxed as a manufacturer. The compromise was made on that basis. But appellee argues that the refunding statute has no application because the moneys sought to be recovered were paid under a compromise agreement and that the statute applies only to recovery of money paid in satisfaction of the full amount of the tax liability. Therefore, it argues recovery must be allowed only in accordance with the "general rules of law with reference to compromise agreements", and that under "general rules of law" the respondent, having paid under a mistake of law, cannot now invalidate the compromise agreement. We think the refunding statute is applicable and that compromise agreements come within it. The statute provides that a suit may be maintained "for the recovery of any internal-revenue tax *. * * or of any sum * * * in any manner wrongfully collected * * * whether or not such tax, penalty, or sum has been paid under protest or duress." The statute appears to cover all payments which should not have been made. The distinction between a voluntary and involuntary payment, which existed under the revenue acts prior to 1924 and which denied recovery of voluntary payments, was changed by Congress. Rev.Act of 1924, ch. 234, § 1014, 43 Stat. 343.

Relying upon Morgan v. United States, Ct.Cl., 8 F.Supp. 746, and Clift & Goodrich v. United States, 2 Cir., 56 F.2d 751, appellee argues that where a voluntary payment is coupled with full knowledge of all the facts, recovery must be denied. The Morgan Case allowed a recovery for overpaid income taxes and held that a compromise of part of the amount assessed did not bar recovery of the overpayment. Appellee insists that the Court of Claims in that case held the refunding statute inapplicable and allowed recovery on the principles of law governing compromise agreements. The court simply stated that, viewing the compromise in the light of the law governing compromise agreements, a refund was not barred by a compromise based upon "an assumed liability that does not in fact or in law exist" [page 751]. The result in the Morgan Case supports

a reversal here. In the Clift Case, we pointed out that there can be no refund where the payment was "made with full knowledge of the facts" [page 753] and the tax was "actually due". Full knowledge of the facts negatives mistake. But the appellant here did not have full knowledge of the facts. He compromised on the theory that he might be a manufacturer and as such must pay the taxes. The Supreme Court held in the White Case, however, that a manufacturer of these puzzles did not owe the tax.

After the 1924 amendment, refunds are allowed of a voluntary payment made under a mistake. Obviously the doctrine of mistake could apply only to voluntary payments. Since the 1924 amendment, recovery under the statute is not predicated upon its superficially voluntary or involuntary character. Moore Ice Cream Co. v. Rose, 289 U.S. 373, 379, 53 S.Ct. 620, 77 L.Ed. 1265. By an elimination of the difference between types of payment, voluntary or involuntary, the difference between types of mistakes, subdivisions of a kind of voluntary payment, should also be eliminated and recovery allowed after a voluntary payment. Moore Ice Cream Co. v. Rose, supra; Schneider v. Duffy, D.C., 43 F.2d 642, 644; Beatty v. Heiner, D.C., 10 F.2d 390, 392.

Concededly, if no compromise were involved, questionable and tenuous distinctions between mistakes of law and of fact would not be involved. The presence of a compromise should not alter the operation of the salutary purpose of the refunding statute. To hold otherwise, that is, that the statute applies only where a full payment has been made, would do violence to the letter and spirit of the act, more so at least than to disregard the fact of compromise. A taxpayer should not be penalized because he saw fit, under a mutual mistake that the subject matter of the assessment was itself properly taxable, to compromise and avoid litigation. Appellant does not argue that if the dis-

pute giving rise to a compromise were a dispute as to whether the puzzles were taxable at all, then a compromise of that dispute would not bar the present action. The compromise here was not the taxability of the product, but was the taxability of the producer. Who was the producer was disputed in the compromise, not what was produced.

It is unnecessary to determine what type of mistake comes within the statute. We look to the subject of the compromise as a determining factor. Suits for refund of taxes wrongfully assessed or collected are equitable in nature and function. Stone v. White, 301 U.S. 532, 534, 57 S.Ct. 851, 81 L.Ed. 1265. We see no distinction between moneys paid after a suit to recover has been started, when thereafter a compromise agreement has been reached, and moneys paid without suit under a compromise agreement. If the sole fact of compromise is no bar in the one instance, it is not in the other. This is particularly true where to do so would be to construe the tax statute unfavorably to the taxpayer, a result which should be avoided in cases of reasonable doubt. White v. Aronson, supra.

In Staten Island Hygeia Ice & Cold Storage Co. v. United States, 2 Cir., 85 F.2d 68, and Hord v. United States, Ct.Cl., 59 F.2d 125, there was no question as to the original taxability of the subject matter of the assessment, but only as to whether or not a compromise entered in a mistaken belief that the statute of limitations did not bar the collection of the tax, could be ignored.

The statute authorizing tax refunds and suits for their recovery are based upon the same equitable principles that underlie an action in assumpsit for money had and received. Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265; Moore Ice Cream Co. v. Rose, 289 U.S. 373, 376, 53 S.Ct. 620, 77 L.Ed. 1265. The appellant should have had judgment below.

Judgment reversed.