**PARSONS v. ANGLIM, United States Col-
lector of Internal Revenue for First Dis-
trict of California.**

**No. 22151-R.**

District Court, N. D. California, S. D.

Nov. 16, 1942.

Thomas, Beedy & Paramore, of San Francisco, Cal., for plaintiff.

Frank J. Hennessy, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for defendant.

ROCHE, District Judge.

This is an action to recover income taxes in the sum of $8,093.82, with interest thereon. Briefly the facts are as follows: The plaintiff is the widow of Gay W. Parsons, whom she married in 1925. Mr. Parsons was a United States citizen but had been a resident of the Philippine Islands since before 1917 and after his marriage he and the plaintiff continued to live there until April, 1930, when they established their residence in San Francisco. During the period spent in the Philippines Mr. Parsons filed no United States income tax returns, believing that the filing of returns and payment of the tax to the Philippine Government fully discharged his income tax obligations. Shortly after the Parsons moved to San Francisco Mr. Parsons transferred all of his property to himself and his wife as joint tenants with the right of survivorship and a year later, in July, 1931, he died. At the time of his death he owed income taxes to the United States for the tax years 1918, 1919, 1920, 1926, and 1927. On March 6, 1939, his widow (plaintiff herein) paid these taxes, with the interest due on the 1926 and 1927 taxes, but simultaneously with such payment and the filing of the returns she filed claims for refund together with her own affidavit showing her reasons for asking for such refund. It appears that this payment, prior to any demand made upon her, was prompted by the knowledge that the Internal Revenue Bureau was checking the old records of Philippine Island residents who were United States citizens and demanding that they pay income taxes for prior years, and that furthermore, by paying before July, 1939, interest and penalties could be avoided. The plaintiff based her claims for refund on the ground that since all of their property was owned in joint tenancy her husband left no estate out of which to pay the tax and she, as the surviving joint tenant, was not a transferee within the meaning of Section 311 of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Code,

§ 311, and therefore was not liable. The claims were denied on the ground that she was a transferee, and this suit followed.

The defendant now admits that under the ruling of Tooley v. Commissioner, 9 Cir., June 1941, 121 F.2d 350, a surviving joint tenant is not a transferee within the meaning of the Internal Revenue Acts. Thus the plaintiff was under no legal liability to pay her deceased husband's income tax and had the Government attempted to collect it from her, she would have had a complete defense. The question is, therefore, whether she can recover a voluntary payment which she was under no legal obligation to make.

The plaintiff relies on 26 U.S.C.A. Int.Rev.Code, § 3772(a) (1), (b) which provides for the maintenance of a suit for the recovery "of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, * * * or of any sum * * * in any manner wrongfully collected" "whether or not such tax, penalty, or sum has been paid under protest or duress." It is true that under this section there is no longer any distinction between voluntary and involuntary tax payments if they fall within the above provision. Beatty v. Heiner, D.C., 10 F.2d 390, Cloister Printing Corp. v. United States, 2 Cir., 100 F.2d 355. The Court's attention, however, has not been directed to any case where refund of a tax legally due was allowed merely because it had been voluntarily paid by some one not liable for it. This case does not involve an illegal tax or an over-assessment. The parties concede that an income tax in the amount paid was due for the years involved and there is no question of the right to collect it from Mr. Parsons during his lifetime or from his estate, if any, after his death.

Tax refunds are made on the theory of unjust enrichment but that element does not appear here. The defendant accepted plaintiff's voluntary payment of a tax actually due. As the Supreme Court said in Stahmann v. Vidal, 305 U.S. 61, 59 S.Ct. 41, 42, 83 L.Ed. 41, "The sole question for decision is whether the petitioners voluntarily paid someone's else tax. If they did they may not maintain the action."

And in Clift & Goodrich, Inc. v. United States, 2 Cir., 56 F.2d 751, 753, a Second Circuit case cited by the Supreme Court in Stahmann v. Vidal, supra, Judge Learned Hand said: "We do not forget that under section 156 of title 26, U.S.Code [26 U.S.C. A. Int.Rev.Code, § 3772] taxes may be recovered though not paid under duress. The section does not mean to enlarge the Treasury's liability, when the payment is not only voluntary, but made with full knowledge of the facts. It leaves open for determination whether under principles applicable in general to such suits, there is any basis for the recovery; and since it would be wholly unwarranted to rescind such a transaction merely because one party pays another's tax actually due, with full knowledge of what he is doing, the section is pro tanto irrelevant."

 Under the evidence and the law, therefore, the Court finds for the defendant and judgment will be entered accordingly, upon findings of fact and conclusions of law. The parties will pay their own costs.