## SCHWARTZ v. UNITED STATES.
### Civil Action No. 5106–M.

District Court, S. D. California, Central Division.

Dec. 10, 1946.

Dinkelspiel & Dinkelspiel, Martin J. Dinkelspiel, and Carlos J. Badger, all of San Francisco, Cal., for plaintiff.

James M. Carter, U. S. Atty., E. H. Mitchell and George M. Bryant, Asst. U. S. Attys., and Eugene Harpole, Sp. Atty., all of Los Angeles, Cal., for defendant.

McCORMICK, District Judge.

Plaintiff taxpayer sues for refund of income taxes which he alleges have been illegally collected.

The items involved are contained in the returns filed by the plaintiff for the calendar year 1941, pertaining to "Dividends" from corporate stock in the sum of $25,-492.40, and "Interest" collected amounting to $405.80.

The plaintiff asks judgment for $4596.-79, with interest, upon the ground that he mistakenly overpaid income taxes for the year in such amount.

It is conceded, as indeed it must be under the weight of authority, that where there is a bona fide mistake in reporting and paying income taxes, the unauthorized retention by the Government will be remedied by refund to the tax-

438

payer, if adequate and seasonable steps are taken by him. Cloister Printing Corporation v. United States, 2 Cir., 100 F.2d 355. In such cases, however, it is incumbent upon the taxpayer to establish by clear and convincing evidence that the mistake which he alleges as the basis of his right to a refund occurred. And in considering the record upon such crucial issue of mistake the court should evaluate the evidence by the yardstick of probabilities counterbalanced by the presumption of correctness that attaches in income tax cases to the official disallowance of the claim. Shea v. Commissioner, etc., 9 Cir., 81 F.2d 937; Gordon v. Commissioner, etc., 9 Cir., 75 F.2d 429; Wehe v. McLaughlin, 9 Cir., 30 F.2d 217.

■ The properties which produced the items of income involved in this action are admittedly community property under the laws of the State of California and were acquired by the taxpayer and his wife as such prior to July 29, 1927. Such properties and the income thereof thus initially became unitary for federal income taxation. United States v. Robbins, 269 U.S. 315, 46 S.Ct. 148, 70 L.Ed. 285; United States v. Malcolm, 282 U.S. 792, 51 S.Ct. 184, 75 L.Ed. 714. And as long as the status of this community property was unaltered by an agreement between the spouses, there could be no divisibility of the income by separate tax returns of the plaintiff and his wife.

The decisive question before the court is whether the plaintiff has sustained his burden of proving that in the year 1930 he and his wife made an agreement transforming community property stocks and bonds and income thereafter accruing from such property into so-called post 1927 types of community property permitted in California under the terms of Section 161a of the Civil Code of such State.

■ Upon a careful review of the entire record before us we have concluded that it fails to establish the making and execution of the questioned agreement.

The evidence being insufficient to establish that there has been an agreement or transaction transforming the community property involved in this action into post 1927 community property, the plaintiff has shown no mistake in filing his return and no right to the refund sought by this action.

There are many facts and circumstances in the record which indicate the improbability of the oral agreement asserted as the basis of this case. We consider it unnecessary to recount them in this memorandum. Suffice it to say that during approximately thirteen years that elapsed from the time that it is asserted that the agreement was made transforming the property here under consideration so as to make the income from it divisible between the spouses, the plaintiff, a business man of experience and sagacity, although each year counseling with income tax accountants and lawyers and preparing and filing his returns with the assistance and under the advice of such accountants, never told any of such persons of the agreement, or by any management or treatment of the community property involved indicated any change in the status of it from pre-1927 type to post-1927 type.

Findings of fact, conclusions of law and judgment for the defendant, with costs, are ordered. Attorneys for defendant will prepare, serve and present same in accordance with the views expressed in this memorandum within five days from date hereof.